IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY REED,<br>          Plaintiff,<br>vs.<br><br>JOHN E. WETZEL, *Secretary of Corrections;* BRIAN COLEMAN, *Superintendent;* STEVEN GATES, *Deputy Superintendent;* HARRY NICOLETTI; CORRECTIONS OFFICERS JOHN DOE; RECORDS OFFICE JOHN DOE,<br>          Defendants. | Civil Action No. 13-477<br><br>Judge David Stewart Cercone/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's claims against Defendants Harry Nicoletti and the John Doe Corrections Officers be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted as against them. The case may continue in the normal course as to the remaining Defendants.

### II. REPORT

Leroy Reed ("Plaintiff") is currently incarcerated in the State Correctional Institution at Forest ("SCI-Forest"). Plaintiff is currently serving a life sentence. Plaintiff claims that his rights under the First and Eighth Amendments of the United States Constitution were violated by the Secretary of the Department of Corrections and by various defendants at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh") and at the State Correctional Institution at Fayette ("SCI-Fayette") and by John Doe of the "Records Office." Plaintiff alleges that

Defendant Harry Nicoletti, a former SCI-Pittsburgh Corrections Officer, who was convicted in connection with abuse of inmates, abused Plaintiff when he was housed at SCI-Pittsburgh between 2003 and 2005. Plaintiff also claims that John Doe Corrections Officers also sexually assaulted Plaintiff while he was housed at SCI-Pittsburgh.[1] Plaintiff also alleged that he was discriminated against and retaliated against by some of the Defendants. Because Plaintiff did not commence the present action until at the earliest, March 26, 2013, the date on which he signed his Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), the claims against Defendants Nicoletti and the John Doe Corrections Officers who also allegedly abused Plaintiff are barred by the applicable two year statute of limitations. As such, the claims against Defendants Nicoletti and those John Doe Corrections Officers should be dismissed prior to being served pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA").

A. RELEVANT PROCEDURAL HISTORY

At the time of the initiation of this civil action, Plaintiff was a prisoner. Plaintiff is proceeding *pro se*. Plaintiff's IFP Motion, was granted. ECF No. 5. Thereafter, Plaintiff's Complaint was filed. ECF No. 6.

B. FACTUAL ALLEGATIONS

Plaintiff alleges that he was "sexually abused by Harry Nicoletti between the hrs. of 9:00-11:00 PM on several occasions 2 [sic] other unknown guards." ECF No. 6 at 4, ¶ 12. Plaintiff further alleges that "[w]hile at S.C.I._ PITTSBURGH,Harry [sic] Nicoletti told me that I was a

---

[1] It is not clear from the face of the Complaint and attachments the exact number of unknown prison Corrections Officers who allegedly assaulted Plaintiff. In various paragraphs of the Complaint and attachments, he asserts that he was assaulted by two, three or four Corrections Officers. ECF No. 6 at 4, ¶ 12; id. at 7, ¶ J; ECF No. 6-1 at 3. No matter how many John Doe Corrections Officers were allegedly involved, the claims against such John Doe Corrections Officers are time barred as is set forth herein.

2

gang member, and that if I did not comply with his sexual demands that he would tell everyone that I am a 'HOMO' AND A 'RAT'. All of this took place between (2003-2005)." Id., at 5, ¶22. In an attachment to the Complaint, Plaintiff asserts that "[i]n 2005 during my stay at SCI-Pittsburgh, former proson [sic] guard Harry Nocoletti & three unknown guards sexual [sic] assaulted me." ECF No. 6-1 at 3.

### C. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, and/or because Plaintiff is a prisoner suing government employees and/or suing about prison conditions, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity."). See also 42 U.S.C. § 1997e (permitting courts to screen complaints concerning "prison conditions").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e, to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F.App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F.App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions.").

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly

4

subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the Complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**D. DISCUSSION**

The claims against Defendants Nicoletti and the John Doe Corrections Officers should be dismissed with prejudice because they are time-barred.

5

Even though Plaintiff does not specifically mention 42 U.S.C. § 1983, or the Civil Rights Act, in the Amended Complaint, because Plaintiff is seeking to vindicate his constitutional rights (see, e.g, ECF No. 6 at 3, ¶ III, claiming violations of the First and Eighth Amendments) and because he does not have a cause of action directly under the Constitution of the United States, a liberal reading of the Complaint requires the court to construe it as one invoking the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). Hence, the Court construes the current civil action as alleging a cause of action under Section 1983.

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985), *overruled by statute on other grounds as recognized in*, Hurst v. Trader, 223 F. App'x 128, 131 (3d Cir. 2007). Because of this, the courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate State. Wilson v. Garcia, 471 U.S. at 267 to 275. The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v.

Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint or from matters of which judicial notice may be had. See, e.g., Mumma v. High-Spec, 400 F. App'x 629, 631 n.1 (3d Cir. 2010); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001).

In the case at issue, we conclude that the statute of limitations defect is apparent on the face of the Amended Complaint as well as from matters that can be judicially noticed. Plaintiff did not "file"[2] his IFP Motion, which would stop the running the of the statute of limitations,[3] until, at the earliest, March 26, 2013, *i.e.*, more than seven years after the latest alleged wrongs were perpetrated in 2005 by Defendants Nicoletti and the John Doe Corrections Officers.

---

[2] Plaintiff's IFP Motion was not signed until March 26, 2013, ECF No. 1 at 1, which is the earliest this Court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period even counting from December 31, 2005, the latest date in 2005, the year in which Plaintiff alleges the assaults occurred. See Cromwell v. Keane, 27 F. App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[3] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

Accordingly, the claims against Defendants Nicoletti and the John Doe Corrections Officers should be dismissed before service for failing to state a claim upon which relief can be granted, given that the statute of limitations bars these claims.[4]

**III. CONCLUSION**

For the foregoing reasons, the claims against Defendants Nicoletti and the John Doe Corrections Officers should be dismissed pre-service for failure to state a claim upon which relief can be granted and they should be dismissed as Defendants from this action. The claims against the remaining Defendants may proceed in the normal course.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: September 4, 2013

---

[4] Plaintiff also alleges in the Complaint that he is being retaliated against by the other named Defendants by their removing his "Z-Code" (i.e., single cell) status because of Plaintiff's assisting other inmates in pursuing claims concerning Nicoletti's alleged abuse of them. We do not address those claims herein.

8

cc: The Honorable David S. Cercone
United States District Judge

Leroy Reed
FH-3971
SCI Forest
P.O. Box 945
Marienville, PA 16239