# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY REED, | ) | |
|     Plaintiff, | ) | 2:13cv477 |
| | ) | Electronic Filing |
| vs. | ) | |
| | ) | Judge David Stewart Cercone/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| JOHN E. WETZEL, *Secretary of* | ) | |
| *Corrections;* BRIAN COLEMAN, | ) | |
| *Superintendent;* STEVEN GATES, | ) | |
| *Deputy Superintendent;* HARRY | ) | |
| NICOLETTI; CORRECTIONS OFFICERS | ) | |
| JOHN DOE; RECORDS OFFICE JOHN | ) | |
| DOE, | ) | |
|     Defendants. | ) | |

## **MEMORANDUM ORDER**

The above-captioned *pro se* prisoner civil rights case was received by the Clerk of Court on April 1, 2003, and was referred to Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

After Magistrate Judge Eddy recused herself, the case was referred to Magistrate Judge Maureen P. Kelly. Magistrate Judge Kelly issued a Report and Recommendation ("the Report"), ECF No. 11, recommending dismissal of the suit against only Defendants Nicoletti and the John Doe Corrections Officers all of whom had allegedly abused Plaintiff between 2003 and 2005. The Report concluded that Plaintiff's claims against these particular defendants were barred by the applicable statute of limitations because the earliest that Plaintiff could be deemed to have filed this suit, pursuant to the prisoner mail box rule, was March 26, 2013, more than 7 years after the last alleged abuse by these particular defendants. Plaintiff was informed that he could file objections. After being granted an extension of time in which to do so, Plaintiff filed his

objections. ECF No. 13. None of the objections merits rejection of the Report and only one of the objections merits any comment.

Plaintiff alleges that he did in fact file a Civil Rights Complaint back on December 13, 2003 ("the 2003 Complaint"), against Defendants Nicoletti and the John Doe Defendants. ECF No. 13 at 1. But, he claims, the 2003 Complaint was never mailed out by the prison authorities. Plaintiff also urges the Court to hold a hearing to establish this alleged fact that he tried to mail out the 2003 Complaint but was thwarted in his efforts to do so. Id. at 6. We find that we do not need to hold a hearing because even assuming the truth of the fact that Plaintiff alleges, i.e., that he attempted to file the 2003 Complaint but was thwarted, such would not save his claims against Defendants Nicoletti and the John Doe Defendants.

We deem Plaintiff's assertions to constitute an argument for equitable tolling of the statute of limitations. However, we find that Plaintiff has failed to carry his burden to show entitlement to equitable tolling.

As explained by the Court of Appeals:

> Equitable tolling applies when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999). This occurs "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." . . . . The plaintiff, however must "exercise due diligence in preserving his claim." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. Equitable tolling is an extraordinary remedy which should be extended only sparingly.

Hedges v. U.S., 404 F.3d 744, 751 (3d Cir. 2005) (footnote omitted). Moreover, "equitable tolling is permitted only if the party has exercised due diligence throughout the period it seeks to have tolled." Oporto v. Gonzales, 242 F. App'x 756, 758 (2d Cir. 2007); Truxal v. District

2

Attorney of Westmoreland County, No. 08-cv-00934, 2010 WL 411766, at *5 (W.D.Pa. Jan. 28, 2010)("the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll.")(*quoting* Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000)). Moreover, it is the Plaintiff's burden to establish entitlement to equitable tolling. Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir. 1993)("Once Buckeye raised the limitations issue, appellants [i.e., Plaintiffs at the District Court level] bore the burden of proving that equitable tolling of the limitations period was appropriate.")(footnote omitted). See also Harris v. Homecomings Financial Services, Inc./Bank One, 377 F. App'x 240, 243-44 (3d Cir. 2010) ("In order to equitably toll a statute of limitations, a **plaintiff must establish**, in pertinent part, that the defendant actively misled her about her claims or that some other extraordinary circumstance prevented her from pursuing her claims. Moreover, she must demonstrate that she diligently pursued her claims.")(emphasis added)(citations omitted); Carter v. Keystone, 360 F. App'x 271, 273 (3d Cir. 2010)("Plaintiff bears the burden to show that equitable tolling is warranted.").

Instantly, even if the alleged interference with filing of the 2003 Complaint warranted some amount of equitable tolling, Plaintiff would have to show that he was entitled to have the statute of limitations tolled from, at the latest, 2005, when the alleged abuse ended, until March 26, 2013, when he is deemed to have initiated the current civil action. Plaintiff would have to establish that throughout this time he acted with due diligence. Plaintiff utterly fails to carry his burden to establish entitlement to have this period of more than seven years equitably tolled. He fails to explain why it took him from December 2003 until March 26, 2013 to file the instant suit.

He simply has not demonstrated that he acted with the due diligence required throughout the period he would need to have tolled.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 27th day of November 2013;

**IT IS HEREBY ORDERED** that the Complaint is dismissed as to Defendants Nicoletti and the John Doe Defendants pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. 11, filed on September 4, 2013, by Magistrate Judge Kelly, is adopted as the opinion of the Court. The case may continue in the normal course against the remaining Defendants

David Stewart Cercone
United States District Judge

cc: Honorable Maureen P. Kelly
United States Magistrate Judge
(*Via CM/ECF Electronic Mail*)

Leroy Reed
FH-3971
SCI Forest
P.O. Box 945
Marienville, PA 16239
(*Via First Class Mail*)

4